Sheltina and William BUNCH, Plaintiffs,

v.

CITY OF ELIZABETH CITY, Kevin Bray, James Henning, and Herman L. Bunch, Defendants.

No. 2:95–CV–30–H–2.

United States District Court, E.D. North Carolina, Northern Division.

June 20, 1996.

Sheltina nmi Bunch, William nmi Bunch, Elizabeth City, NC, pro se.

L.P. Hornthal, Jr., Donald C. Prentiss, Hornthal, Riley, Ellis, & Maland, John David Leidy, Elizabeth City, NC, for James Henning, City of Elizabeth City, NC, Herman L. Bunch.

**12.** Defs.' Ex. 53, 54.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on defendants' motion for summary judgment filed on April 1, 1996. Defendants have fully briefed their motion and plaintiffs have failed to respond. This matter is ripe for decision.

### STATEMENT OF THE CASE

This action was filed *pro se* by the plaintiffs on May 26, 1995, alleging civil rights violations by the defendants. Plaintiffs contend that defendants Kevin Bray and James Henning, as police officers employed by the defendant City of Elizabeth City, conducted an unlawful search of plaintiffs' residence while searching for a murder suspect. Plaintiffs allege that the search was racially grounded and because they live in public housing. They further allege that the police officers were improperly trained in conducting searches of residences and that the City of Elizabeth City Police Department has failed to investigate this and other occurrences purportedly involving police misconduct. Defendant H.L. Bunch is the Chief of Police of the Elizabeth City Police Department, but is not alleged to have participated in the search.

The court is not clear from the complaint what specific claims are being alleged by the plaintiffs. The defendants, in their motion for summary judgment have assumed that the claims are as follows:

(1) claims against defendants Bray and Henning in their individual capacities for an unlawful search;

(2) a claim against defendant Bunch, in his individual capacity, for not taking any disciplinary action against defendants Bray and Henning upon receiving plaintiffs' complaint about the search;

(3) claims against defendant Bunch, in his official capacity, and the City of Elizabeth City for negligence in the officers' search, for inadequate training, and for punitive damages; and,

(4) claims against defendant Bunch, in his official capacity, and the City of Elizabeth City based on some policy of practice permitting illegal searches.

This court will act on the presumption that the claims are as stated above in the defendants' assumption.

### COURT'S ANALYSIS

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14.

Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). As a general rule, the non-movant must respond to a motion for summary judgment with affidavits, or other verified evidence, rather than relying on his complaint. Fed.R.Civ.P. 56(e); *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553; *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. The moving party can bear his burden either by presenting affirmative evidence, or by demonstrating that the non-movant's evidence is insufficient to establish his claim. *Celotex Corp.*, 477 U.S. at 331, 106 S.Ct. at 2556–57 (Brennan, J., dissenting). The standard for summary judgment therefore mirrors the standard for a judgment as a matter of law under Fed.R.Civ.P. 50(a), *viz.*

a trial court must grant a judgment if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

 A trial judge faced with a summary judgment motion "must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.* at 252, 106 S.Ct. at 2512. In civil rights actions, the plaintiff must prove each element of his case by a preponderance of the evidence. *See Jackson v. Crews,* 873 F.2d 1105, 1107–08 (8th Cir.1989). The fact that the plaintiffs have failed to respond to the defendants' motion for summary judgment demonstrates the lack of a genuine issue of material fact which requires presentation of evidence to a finder of fact—a jury. In an abundance of caution, this court will additionally examine the validity of the claims against the defendants as though the plaintiffs had validated their complaint.

The undisputed facts in this case establish that exigent circumstances existed as a matter of law, and thus it was proper, and even expected, that the officers conduct the warrantless search of the plaintiffs' dwelling. The undisputed facts have clearly established that the officers had a reasonable belief that their warrantless search was not a violation of any constitutional rights. The court feels strongly that had the officers chosen not to actively pursue the known violent and dangerous murder suspect, they would have been remiss in their duty to the citizens they have sworn to protect. The court is sympathetic to the concerns of the plaintiffs but is forced to interpret the law and weigh the facts and in this case, two possible courses of action. The fact that the officers had their weapons at the ready was only a necessary exercise of safety, and the fear suffered by the occupants is clearly outweighed by the exigency of the then present danger.

### CONCLUSION

The court finds that the warrantless search by the defendants did not violate any clearly established right of the plaintiffs and summary judgment is appropriate. Accordingly, the defendants' motion for summary judgment is hereby GRANTED. The clerk is directed to close this case.